## SETTLEMENT AGREEMENT

WHEREAS, Liberty Petroleum, LLC (hereinafter "LP"), a Virginia corporation having a principal place of business at 1100 Harris Street, Charlottesville, Virginia 22903, LP sells retail petroleum fuels and operates convenience stores throughout the United States in association with the LIBERTY, LIBERTY + "Waving Flag Stripe", and "Waving Flag Stripe" marks covered by its US Trademark Registration Nos. 2,669,918; 3,823,527; 2,669,919; 3,823,530, and 3,823,530 attached hereto as Exhibits 1-5;

WHEREAS, Remsen Gas, Inc. is a New York corporation that operated the gas station located at 971 Remsen Avenue, Brooklyn, New York 11236, where a gasoline service station and convenience store is located that has used a LIBERTY mark and a LIBERTY + "waving flag stripe" mark in association with the retail sale of petroleum fuels as shown in attached Exhibit 6;

WHEREAS Mr. Kuldip Kullar, an individual residing at 41-36 94th Street, Elmhurst, New York 11373, is an owner and principal of Remsen Gas, Inc., and is fully authorized to bind Remsen Gas, Inc. to the terms of this Agreement and any Consent Decree or Court Order based on this Agreement;

WHEREAS, 971 Property, Inc. is a New York corporation that presently owns the real property at 971 Remsen Avenue, Brooklyn, New York 11236, where a gasoline service station and convenience store is located that has used a LIBERTY mark and a LIBERTY + "waving flag stripe" mark in association with the retail sale of petroleum fuels as shown in attached Exhibit 6;

WHEREAS Mr. Mr. Rajbir Singh is an owner and principal of 971 Property [Remsen], Inc., and is fully authorized to bind 971 Property, Inc. to the terms of this Agreement and any Consent Decree or Court Order based on this Agreement;

WHEREAS on February 1, 2017, LP filed Civil Action No. 17-CV-00473-NGG-RML against Remsen Gas, Inc. and Mr. Kuldip Kullar for trademark infringement and unfair competition in the United States District Court for the Eastern District of New York;

WHEREAS on March 10, 2017, LP filed an Amended Complaint in Civil Action No. 17-CV-00473-NGG-RML that further included not only the aforementioned Remsen Gas, Inc. and Mr. Kuldip Kullar, but also 971 Property [Remsen] Inc., and Mr. Rajbir Singh, all four parties of whom are collectively referred to hereinafter as "Remsen";

WHEREAS LP and Remsen wish to amicably settle the aforementioned lawsuit with finality as well as any and all other disputes that may arise concerning the LIBERTY, LIBERTY + "Waving Flag Stripe", and/or "Waving Flag Stripe" marks without the need for further litigation or adversarial proceedings before any federal, state, or local court or forum, or before any federal or state agency, LP and ST therefore agree as follows:

1. While LP acknowledges that Remsen has already changed the LIBERTY and LIBERTY + "Waving Flag Stripe" marks on the canopy, gasoline pumps, and

price sign of the gasoline service station and convenience store located at 971 Remsen Avenue, Brooklyn, New York 11236, Remsen agrees to remove any other LIBERTY, LIBERTY + "Waving Flag Stripe", and/or "Waving Flag Stripe" marks which may be present anywhere else on not only this gasoline service station and convenience store, but any others it presently owns.

2. Remsen agrees to remove the marks specified in paragraph (1) above by July 31, 2017, and to refrain from displaying the same or similar LIBERTY, LIBERTY + "Waving Flag Stripe", and/or "Waving Flag Stripe" marks on any gasoline service stations and convenience stores it presently owns or may own in the future.

3. Remsen may change the LIBERTY, LIBERTY + "Waving Flag Stripe", and/or "Waving Flag Stripe" marks to another mark which is clearly distinct from and not confusingly similar to LP's LIBERTY, LIBERTY + "Waving Flag Stripe", and/or "Waving Flag Stripe" marks and which has been expressly approved by LP in writing. LP notes that Remsen is using the mark "P + Pride Gas" on the gas price sign at 971 Remsen Avenue, Brooklyn, New York 11236, and expressly approves of such use.

4. LP agrees to promptly file a Motion to Dismiss with prejudice in the aforementioned Civil Action No. Civil Action No. 17-CV-00473-NGG-RML upon receipt of a copy of this Agreement properly signed and dated by Mr. Kuldip Kullar and Mr. Rajbir Singh or other authorized principals of Remsen Gas, Inc. and 971 ~~Remsen~~ Property Inc.

5. Both Remsen and LP agree that the terms of this Agreement, after it has been properly signed and dated by authorized representatives of both parties, are to be incorporated by reference into a Consent Decree signed by the presiding Judge of Civil Action No. 17-CV-00473-NGG-RML at the time that the Motion to Dismiss is filed, and that violations of this Agreement (should they occur) will be enforceable by contempt of court proceedings before the United States District Court for the Eastern District of New York.

6. Both Remsen and LP agree that this Agreement is to be interpreted under the laws of New York, and that this Agreement may not be modified except by a subsequent writing properly executed by authorized representatives of both parties.

7. Finally, both LP and Remsen agree that, should a dispute arise with respect to the interpretation, implementation or enforcement of this agreement, that both parties will do their utmost to resolve any such dispute without the need for litigation, but if such dispute cannot be amicably resolved, that the prevailing party shall be compensated its reasonable attorney's fees by the non-

prevailing party at the time of a final ruling in the ensuing contempt proceeding.

WHEREFORE, the parties place their respective signatures and seals herein below:

**REMSEN GAS, INC.**

By: _____  Date: 6/8/2017

Kuldip Kullar
both as an Individual and an Officer And Principal of Remsen Gas, Inc.

Propvty

**971 REMSEN, INC.**

By: _____  Date: 7/14/2017

Rajbir Singh
Propvty
both as an Individual and an Officer And Principal of 971 Remsen Inc.,

**LIBERTY PETROLEUM, LLC**

By: _____  Date: AUG. 12, 2017

Howard B. Bowen
President, Liberty Petroleum, LLC

3